# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAKEY HOOVER, | Civil Action No. 20-715 (SRC) |
| Petitioner, | |
| v. | OPINION |
| WILLIAM ANDERSON, | |
| Respondent. | |

**CHESLER**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Shakey Hoover, purportedly filed pursuant to 28 U.S.C. § 2241 which seeks to challenge Petitioner's continued detention pending his sentencing in his underlying criminal matter (ECF No. 1), which was initially filed in the Third Circuit Court of Appeals. (Document 1 attached to ECF No. 1). As the Third Circuit has transferred Petitioner's habeas petition to this Court, this Court is required by Rule 4 of the Rules Governing Section 2254 Cases, which is applicable to § 2241 petitions through Rule 1(b), to preliminarily review the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the following reasons, this Court will dismiss the petition without prejudice.

## I. BACKGROUND

Petitioner is a federal criminal detainee currently incarcerated in the Essex County Correctional Facility in Newark, New Jersey. In December 2017, Petitioner was indicted on federal weapons charges. (*See* Docket No. 17-525 at ECF No. 11). Following a jury trial, Petitioner was found guilty of the sole charge of the indictment – that he, a previously convicted

1

felon, possessed a firearm in violation of 18 U.S.C. § 922(g)(1). (Docket No. 17-525 at ECF Nos. 52-53). Petitioner thereafter filed a motion for a new trial, which remains pending at this time. (Docket No. 17-525 at ECF No. 59). As that motion remains pending, Petitioner has not yet been sentenced, and this Court has ordered that his sentencing hearing shall be adjourned pending the outcome of the motion for a new trial. Docket No. 17-525 Docket Sheet).

On or about January 2, 2020, Petitioner filed his current habeas petition in the Third Circuit. (ECF No. 1). The Third Circuit thereafter transferred the petition to this Court. (Document 1 attached to ECF No. 1). In his habeas petition, Petitioner raises various challenges to his confinement, alleging that he has received ineffective assistance of counsel, that his gun charge places him in double jeopardy when considered alongside state charges he faced prior to this transfer to federal custody, and that his transfer to federal custody amounted to his state court criminal case being "sold to federal agents" acting in "Admiralty Jurisdiction," which this Court interprets to be a challenge to federal jurisdiction in his underlying criminal matter. (ECF No. 1 at 1-3).

## II. DISCUSSION

### A. Legal Standard

Pursuant to either Rule 4 of the Rules Governing Section 2254 Cases or Rule 4 of the Rules Governing Section 2255 Proceedings, this Court must preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to these rules, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## B. Analysis

Petitioner seeks to bring a habeas petition challenging actions taken in his underlying federal criminal proceedings via § 2241. The presumptive means to challenge a federal conviction or sentence is the filing of a motion to vacate sentence under § 2255 in the district in which the original criminal proceeding occurred, *see Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002); 28 U.S.C. § 2255(a). Because Petitioner has not yet been sentenced, however, relief under § 2255 is not yet available, and he could only acquire habeas relief prior to the issuance of his sentence and any appeal by pursuing his claims as part of a habeas petition instead filed pursuant to § 2241. Although § 2241 has the capability of providing a jurisdictional basis for a challenge to confinement which is alleged to be in violation of the Constitution prior to trial or a sentence, it does not follow that the habeas statute may be used as an end-run around criminal motion practice or a direct appeal of a criminal defendant's conviction. *See, e.g., Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 246 (3d Cir. 2018). As the Third Circuit has explained,

> [E]ven in cases where the habeas court has the authority to grant relief, it must consider "whether this be a case in which that power ought to be exercised." [*Munaf v. Geren*, 553 U.S. 674, 693 (2008).]
> . . .
>
> Courts have consistently refused to exercise their habeas authority in cases where federal prisoners have sought relief before standing trial. Instead, courts have long stressed that defendants should pursue the remedies available within the criminal action. *See, e.g,. Jones v. Perkins*, 245 U.S. 390, 391 [] (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v. United States*, 199 U.S. 547, 551 [] (1905) (vacating order granting habeas relief to federal pretrial detainees because there was "nothing in this record to disclose that there were any special circumstances which justified a departure from the regular course of judicial procedure" of pretrial motions and, if necessary, appeal); *see also*

3

> *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) (adopting "the general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial").[]
>
> Funneling requests for pretrial relief through the criminal action encourages and orderly, efficient resolution of the issues, maintains respect for the appellate process and prevents duplication of judicial work and judge-shopping. *See United States v. Addonizio*, 442 U.S. 178, 184 n. 10 [] (1979) (explaining that "the writ of habeas corpus should not do service for an appeal," and that "[t]his rule must be strictly observed if orderly appellate procedure is to be maintained"[]); *see also Medina*, 875 F.3d at 1028-29 (identifying similar interests)."
>
> [The Third Circuit] relied on this rationale in *Government of Virgin Islands v. Bolones*, 427 F.2d 1135 (3d Cir. 1970) (per curiam), to affirm the District Court's denial of pretrial habeas petitions filed by federal defendants. We rejected the defendants challenges to their arrest and interrogation on the ground that a pretrial motion in the criminal case, "rather than their petition for writs of habeas corpus, provides the appropriate avenue of relief before trial." *Id.* at 1136. [The Third Circuit] similarly held that the defendants' claim that they had been denied a speedy trial should be resolved "on an appropriate pretrial motion." *Id.* Accordingly, . . . challenge[s to] the charges against [a criminal defendant who does not have a final order of conviction] or the conduct of law-enforcement officers . . . [are] required to [be raised] through . . . motions in his criminal case, not via a pretrial § 2241 petition. *See id.*

*Reese*, 904 F.3d at 246-47.

Although Petitioner has been tried and found guilty, he is not yet subject to a final judgment of conviction as he has yet to be sentenced. He still has available to him in his criminal matter various post-trial motions, including his currently pending motion for a new trial, and, ultimately, a direct appeal should his post-trial motions fail to secure relief. As such, his current habeas claims should be funneled through the proper criminal process rather than through a premature habeas petition, and Petitioner may not use § 2241 to evade standard criminal and appellate procedures. *Id.* Petitioner's pre-sentencing habeas petition must therefore be dismissed without prejudice as it

is not the appropriate vehicle for raising his current claims. Petitioner is free to raise his claims either via post-trial motions in his criminal proceeding, via direct appeal following sentencing, or through the filing of a motion to vacate sentence under 28 U.S.C. § 2255 after his conviction becomes final.

## III. CONCLUSION

For the reasons stated above, Petitioner's habeas petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. An appropriate order follows.

Hon. Stanley R. Chesler,
United States District Judge